# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TEENA YVONNE PAXTON,** | ) |
| Plaintiff, | ) Case No. 1:11CV00070 |
| v. | ) **OPINION** |
| **MICHAEL J. ASTRUE,** | ) By: James P. Jones |
| **COMMISSIONER OF** | ) United States District Judge |
| **SOCIAL SECURITY,** | ) |
| Defendant. | ) |

*John J. Gifford, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff. Nora R. Koch, Acting Regional Chief Counsel, Region III, Eda Giusti, Assistant Regional Counsel, Charles J. Kawas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I will remand the case to the Commissioner of Social Security ("Commissioner") for further consideration.

Teena Yvonne Paxton, the plaintiff in this case, filed her Complaint in this court seeking judicial review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-433 (West 2011 & Supp. 2012). This court has jurisdiction pursuant to 42 U.S.C.A. § 405(g). In her Complaint, Paxton argues that the administrative law judge ("ALJ") erred in

denying her claim for benefits because the ALJ did not mention or consider the effects of her alleged mental impairments in his decision. Accordingly, Paxton requests that the court remand her case to the Commissioner for further consideration by an ALJ.

Paxton claimed disability due to several physical impairments, post-traumatic stress disorder ("PTSD") and a sleep disorder.[1] The treatment records from several of Paxton's treating physicians, including Michael T. Fletcher, M.D., and Earl K. Wilson, M.D., reflect findings of possible mental impairments, including PTSD, depression, and panic attacks. During the relevant time period, Paxton described symptoms such as nausea, extreme fatigue, shortness of breath, racing heart, palpitations, difficulty sleeping, and problems with concentration. She was prescribed several different anti-depressant and anti-anxiety medications. At the administrative hearing, Paxton's attorney specifically elicited testimony as to her mental problems. Paxton described her symptoms and her past treatment for those mental problems.

Despite the fact that the question of whether Paxton has a mental impairment that could affect her ability to perform substantial gainful activity was clearly before the ALJ, the ALJ did not include any mention of, much less give

---

[1] Paxton filed her DIB application in July 2007. She alleged disability beginning December 15, 2001. Because her insured status expired on December 31, 2003, Paxton had to show that she became disabled on or before this date. *See* 42 U.S.C.A. § 423; 20 C.F.R. § 404.101 (2012).

consideration to, Paxton's alleged mental impairments in his decision. The ALJ's decision is completely focused on Paxton's alleged physical impairments and his decision that she is not disabled is based only upon his consideration of those impairments.

Before a court may find that an ALJ's decision is supported by substantial evidence, the ALJ's decision must analyze all the relevant evidence and sufficiently explain his findings and rationale. *See Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439 (4th Cir. 1997); *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). The court faces a difficult task in applying the substantial evidence test when the ALJ's opinion does not show that the ALJ properly considered all of the relevant evidence. *See id*. In fact, the Fourth Circuit has held that a reviewing court essentially abdicates its duty to scrutinize the record as a whole to determine whether the conclusions reached are rational if it affirms an opinion in which the ALJ has not properly analyzed all the evidence and sufficiently explained the weight given to it. *See id.* In other words, "[a] bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court . . . ." *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978).

The ALJ's failure to address Paxton's alleged mental impairments makes it impossible for this court to determine whether and to what extent he considered

those impairments in assessing Paxton's claim for disability.  It is true that Paxton has never sought mental health treatment and it may be that the ALJ did consider Paxton's allegations of mental impairments and determined that they were so mild as to have no effect on her ability to do work, but without any discussion or articulated reasoning, this court is unable to adequately review the decision.

For these reasons, I will vacate the final decision of the Commissioner and remand the case for further consideration of Paxton's alleged mental impairments. A separate Order so providing will be entered forthwith.

DATED:   July 23, 2012

/s/  James P. Jones
United States District Judge

-4-

Case 1:11-cv-00070-JPJ-PMS   Document 19   Filed 07/23/12   Page 4 of 4   Pageid#: 614